ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ESTEBAN TORRES MÉNDEZ<br><br>Apelante<br><br>v.<br><br>LK AUTOS LLC H/N/C HYUNDAI DE PONCE; LT AUTOS LLC H/N/C TOYOTA MONUMENTAL DE PONCE<br><br>Apelados | TA2026AP00111 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2025CV01429<br><br>Salón: 605<br><br>Sobre: Procedimiento Sumario bajo Ley Núm. 2 y otras |

Panel integrado por su presidenta, la Jueza Lebrón Nieves[1], el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

Compareció el Sr. Esteban Torres Méndez (en adelante, "señor Torres Méndez" o "apelante") mediante recurso de *Apelación* presentado el 2 de febrero de 2026. Nos solicita que revoquemos la *Sentencia Parcial* que emitió el Tribunal de Primera Instancia, Sala Superior de Ponce, el 22 de enero de 2026, notificada el mismo día.[2] En dicho dictamen, el foro de instancia desestimó la *Querella* sobre despido injustificado, discrimen por edad, penalidad por discrimen y represalias que presentó el señor Torres Méndez contra LK Autos LLC h/n/c Hyunday de Ponce y LT Autos LLC h/n/c Toyota Monumental de Ponce (en adelante, "los apelados" o "patrono").

Por los fundamentos que esbozamos a continuación, confirmamos la *Sentencia Parcial* apelada.

---

[1] Mediante Orden Administrativa OATA-2026-063 emitida el 2 de junio de 2026, se designó a la Hon. Gloria L. Lebrón Nieves en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.
[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 29.

**-I-**

El 27 de mayo de 2025, el señor Torres Méndez presentó una *Querella* contra los apelados por despido injustificado, discrimen por edad, penalidad por discrimen y represalias, mediante el procedimiento sumario contemplado en la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq.*, (en adelante, "Ley Núm. 2").[3] Adujo que trabajó para los apelados como Ejecutivo de Ventas desde el 18 de febrero de 2018 hasta el 8 de junio de 2023, cuando presentó su carta de renuncia por sentirse "insatisfecho con el mal ambiente laboral que existe dentro de la empresa desde hace algunos meses".[4] Añadió, que se le acusó injustamente por cometer una ilegalidad en el trabajo, que consideró una falta de respeto, ya que se desempeñó "de forma sobresaliente y responsable".[5]

Según expuso, su renuncia obedeció a alegadas actuaciones promovidas por sus supervisores (el Sr. Long y el Sr. Torres, Gerente General) que resultaron en un ambiente hostil de trabajo.[6] Sostuvo que dichas actuaciones se manifestaron en los siguientes actos:

a. a clientes anteriores del querellante le deniegan el financiamiento, lo que consigue por medio de otras cooperativas.
b. le aprueban un viaje a España que obtuvo por las ventas y le indican que no va en dicho viaje.
c. al querellante luego de la aprobación de una Tundra, al otro día se la quitan.
d. a la esposa del querellante no le quisieron vender una Toyota Venza a pesar de que aplicaba para ello.
e. acusar falsamente al querellante de cometer una ilegalidad en el trabajo.
f. el despido de personal gerencial como la Gerente General, Sra. Marilyn Medina y el Gerente de Ventas, Sr. Miguel J. Rodríguez.[7]

Argumentó que lo anterior tuvo el efecto de promover un patrón de hostigamiento y represalias en su contra, por haber dirigido unas comunicaciones al patrono, en las que cuestionó

---

[3] SUMAC-TPI, entrada núm. 1.
[4] *Id.*, entrada núm. 19, anejo 4.
[5] *Id.*
[6] *Id.*, entrada núm. 1.
[7] *Id.*

presuntos actos discriminatorios por edad. En consecuencia, concluyó que los alegados actos constituyeron un despido constructivo.[8]

Mediante su *Contestación a la Querella*, los apelados negaron las alegaciones en su contra.[9] Levantaron como defensas afirmativas que el señor Torres Méndez renunció voluntariamente y que lo hizo para evitar ser despedido justificadamente. Además, afirmaron que el apelante solo se limita a solicitar remedios bajo las diversas leyes laborables que cita, sin esbozar los hechos y alegaciones que así lo justifiquen.[10] Añadieron, que el señor Torres Méndez laboró para LK Autos desde el 19 de enero de 2018 hasta el 15 de agosto de 2019, cuando renunció. No obstante, trabajó nuevamente para la empresa desde el 23 de diciembre de 2019 hasta el 5 de julio de 2020, fecha en que decidió terminar su empleo. Adujeron que el 6 de julio de 2020, este comenzó una nueva relación laboral con LT Autos, corporación distinta a LK Autos.[11]

Después de varios trámites procesales, el 25 de agosto de 2025, los apelados presentaron una *Moción de Desestimación*, en la que sostuvieron que a la fecha de los alegados hechos no eran patrono del señor Torres Méndez, por lo que aseguran que la reclamación presentada es improcedente.[12] Por otro lado, señalaron que en la carta extrajudicial que les dirigió el apelante solamente menciona la acción por despido constructivo, bajo la Ley Núm. 80, *infra*, más no hace referencia a las demás causas acumuladas en la *Querella*, por lo que entienden que estas están prescritas. Añadieron que el apelante se limitó a hacer alegaciones generales sobre el supuesto discrimen por edad, pero no señaló actos concretos para

---

[8] *Id.*
[9] *Id.*, entrada núm. 5.
[10] *Id.*
[11] *Id.*
[12] *Id.*, entrada núm. 19.

establecer un caso *prima facie*. Por último, aseguraron que la reclamación incoada está prescrita.[13]

El apelante se opuso a la solicitud desestimatoria.[14] Adujo que la acción por represalias al amparo de la Ley Núm. 115-1991, *infra*, prescribe a los tres años, a partir del último evento de represalia, por lo que entiende que la reclamación se presentó conforme a derecho.[15]

Después de examinar las posiciones de las partes y los argumentos de las partes en la vista inicial, el tribunal apelado emitió *Sentencia Parcial*, en la que resolvió desestimar la *Querella* presentada.[16] Expuso que el apelante no demostró que existiera una relación obrero-patronal con LK Autos, ni hizo alegaciones específicas contra este concesionario. También, determinó que el apelante no sustentó con hechos la procedencia de las alegaciones por discrimen por edad, así como la de represalias.

En desacuerdo con lo resuelto, el apelante acudió ante este foro intermedio mediante el recurso de epígrafe, en el que señaló los siguientes tres errores:

> Erró el Tribunal al confundir y tratar legalmente de forma similar lo que constituye la presentación y efectos jurídicos de una reclamación extrajudicial con la presentación y efectos jurídicos de una querella.

> Erró el Tribunal al desestimar las acciones de discrimen y represalia de la querella al desestimar las causas de acción del Querellante por discrimen y represalia aplicando incorrectamente la Regla 10.2 y obviar lo estatuido en la Regla 36 de las de Procedimiento Civil vigentes.

> Erró el TPI al desestimar parcialmente la querella al palio de la Regla 10.2 y descartando el ordenamiento procesal establecido por la Regla 36 de las de Procedimiento Civil.

**-II-**

**A. Ley Contra el Despido Injustificado**

---

[13] *Id.*
[14] *Id.*, entrada núm. 24.
[15] *Id.*
[16] *Id.*, entrada núm. 29.

En nuestra jurisdicción existe una clara política pública protectora de empleo. Cónsono con ello, se creó la Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185 *et seq.*, con el fin de proteger a los obreros que han sido despedidos injustificadamente y para desalentar a los patronos de incurrir en dicha práctica. *Ruiz Mattei v. Commercial Equipment*, 214 DPR 407, 423 (2024); *Feliciano Martes v. Sheraton*, 182 DPR 368, 379-380 (2011); *Vélez Cortés v. Baxter*, 179 DPR 455, 468-469 (2010). La Ley Núm. 80, *supra*, les permite a los empleados despedidos reclamar a su patrono una indemnización, conocida comúnmente como la mesada, cuyo propósito es proveer una ayuda económica para que estos puedan cubrir sus necesidades básicas durante la etapa de búsqueda de un nuevo empleo. *Díaz v. Wyndham Hotel Corp.*, 155 DPR 364, 375 (2001).

Ahora bien, ello no implica que existe una prohibición absoluta contra el despido de un empleado. Esto es, si media justa causa, el empleado puede ser despedido. El Artículo 2 de la Ley Núm. 80, 29 LPRA sec. 185b, define justa causa como "*aquella que no esté motivada por razones legalmente prohibidas y que no sea producto del mero capricho del patrono*". Cabe señalar, que la acción por despido injustificado debe ejercitarse dentro del término prescriptivo de un año, contado a partir de la fecha efectiva del despido. 29 LPRA sec. 185l.

**B. Discrimen en el empleo**

La Constitución de Puerto Rico protege al ciudadano puertorriqueño contra todo acto de discrimen. En específico, la Carta de Derechos de la Constitución de Puerto Rico dispone que "[n]o podrá establecerse discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas". Art. I, Sec. 1, Const. E.L.A., LPRA, Tomo 1. A tenor con lo anterior, la Asamblea Legislativa ha promulgado varias leyes

laborales que proscriben tajantemente toda práctica de discrimen. *U.P.R. Aguadilla v. Lorenzo Hernández,* 184 DPR 1001, 1014-1015 (2012).

Una de ellas, es la Ley Núm. 100 de 30 de junio de 1959, según enmendada, conocida como Ley contra el Discrimen en el Empleo, 29 LPRA sec. 146 *et seq.,* en adelante Ley Núm. 100, que establece varios remedios para poner en vigor la prohibición que establece la Carta de Derechos dentro del contexto obrero-patronal. Su propósito es proveer a la clase obrera de mecanismos necesarios para protegerla del discrimen por razón de edad, raza, color, sexo, origen social o nacional, condición social e ideas políticas o religiosas. *López Fantauzzi v. 100% Natural,* 181 DPR 92, 121 (2011); *Díaz v. Wyndham Hotel Corp., supra,* pág. 380.

En una causa de acción que se presente simultáneamente al amparo de la Ley Núm. 80, *supra,* y la Ley Núm. 100, *supra,* "el empleado, antes de articular su caso *prima facie* por la modalidad de discrimen que arguya, **deberá alegar en su demanda que su despido fue injustificado**". (Énfasis en el original). *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964, 989 (2022).

En lo pertinente, cuando se trata de un caso de discrimen por edad, el demandante debe demostrar que pertenece a la clase protegida por el estatuto; que estaba cualificado para ejercer el puesto que ocupaba; que fue despedido; y que fue sustituido por una persona más joven. *Id.*

La Ley Núm. 100, en su Artículo 3, establece una presunción controvertible en cuanto a que el despido de un empleado por las causas, anteriormente descritas, es discriminatorio, excepto que el patrono demuestre que medió justa causa para el despido. 29 LPRA sec. 148; *López Fantauzzi v. 100% Natural,* supra, págs. 121-123. Así pues, el empleado tiene el peso de la prueba para activar dicha presunción mediante la presentación de tres elementos: que hubo

un despido o acción perjudicial; que se hizo sin justa causa; y presentar evidencia indicativa de la modalidad de discrimen que se vincula al despido. *Díaz Santiago v. International Textiles*, 195 DPR 862, 872-873 (2016). La presunción que dispone el Art. 3 de la Ley Núm. 100, *supra*, busca "facilitarle al empleado demandante el probar su reclamación, no relevarle de la necesidad y obligación de presentar evidencia para probar sus alegaciones". *Díaz v. Wyndham Hotel Corp.*, supra, pág. 384. Establecida la presunción de discrimen, le corresponde al patrono rebatirla. *González Méndez v. Acción Social et al.*, 196 DPR 213, 227-228 (2016); *Ibáñez v. Molinos de P.R., Inc.*, 114 DPR 42, 53 (1983).

El Artículo 5 de la Ley Núm. 100, 29 LPRA sec. 150, establece un término prescriptivo de un año para iniciar la acción judicial. Este quedará interrumpido con la presentación de una querella si la notificación al patrono se hace dentro de dicho plazo. *Id.*

## C. Ley Núm. 115-1991

La Ley Núm. 115-1991, según enmendada, conocida como *Ley contra el despedido injusto o represalias a todo empleado por ofrecer testimonio ante un foro legislativo, administrativo o judicial*, 29 LPRA sec. 194 *et. seq.* (en adelante, "Ley Núm. 115-1991"), tiene el propósito de proteger a los trabajadores para que puedan colaborar y comparecer ante distintos foros. En consonancia con ello, esta pieza legislativa prohíbe los actos constitutivos de represalias como sigue:

> Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, verbalmente o por escrito, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

29 LPRA sec. 194b(a).[17]

Esta pieza legislativa establece que será una *actividad protegida* el hecho de ofrecer o intentar ofrecer, de forma verbal o por escrito, cualquier testimonio, expresión o información ante: (i) un foro legislativo, administrativo o judicial en Puerto Rico; (ii) en procedimientos internos establecidos por el patrono; o (iii) ante cualquier empleado o representante en una posición de autoridad. *Id.*; véase, además, *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 366-367 (2009).

Al amparo de esta protección, la Ley Núm. 115-1991 faculta al empleado —que realiza una actividad protegida, y luego es despedido, amenazado o discriminado— a presentar una causa de acción contra su patrono. 29 LPRA sec. 194b(b); *SLG Rivera Carrasquillo v. AAA*, supra, pág. 361. A esos efectos, se contempla que el término *patrono* "[s]ignifica todos los patronos por igual, sean estos patronos públicos o privados, corporaciones públicas, [...] o cualquiera otra denominación de patronos que exista en el presente o se cree en el futuro, toda persona natural o jurídica de cualquier índole, [...] y sus agentes y supervisores." 29 LPRA sec. 194(b).

De acuerdo con esta legislación, el empleado tiene dos vías probatorias para sostener su causa de acción. 29 LPRA sec. 194b(c). Por un lado, el empleado puede probar la violación mediante la presentación de evidencia directa o circunstancial. *Id.* Por otro lado, el empleado puede establecer un caso *prima facie* de represalias para prevalecer bajo la Ley Núm. 115-1991 de la siguiente manera: (i) probar que participó de una actividad protegida y (ii) que subsiguientemente fue despedido, amenazado o discriminado en su empleo. *Id.* Esto es, debe demostrar que "existe un nexo causal entre

---

[17] Véase que la Asamblea Legislativa de Puerto Rico enmendó el precitado artículo mediante la Ley Núm. 169-2014 con la finalidad de disponer que los procedimientos internos de las empresas constituyen foros donde aplicará la protección de los trabajadores contra las represalias por ofrecer testimonio, expresión o información.

la conducta protegida y la acción disciplinaria o adversa del patrono". *Feliciano Martes v. Sheraton,* 182 DPR 368, 396 (2011). El empleado tendrá un término de tres años para presentar una acción por represalias a partir de la fecha en que se cometió la violación. 29 LPRA sec. 194a.

**D. Desestimación bajo la Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de las de Procedimiento Civil autoriza al demandado –ya sea en una demanda, reconvención, demanda contra coparte o demanda contra tercero– a presentar una moción de desestimación debidamente fundamentada a esos fines. 32 LPRA Ap. V, R. 10.2. Esto es, dicha disposición permite la presentación de una moción de desestimación "cuando de las alegaciones de la demanda se desprende que 'alguna defensa afirmativa derrotará la pretensión de la parte demandante'". *Saint Mary Investments, LLC v. Denton Morales*, 2026 TSPR 35, 217 DPR ___ (2025) citando a *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023). En particular, la precitada regla reconoce los siguientes fundamentos: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, o (6) dejar de acumular una parte indispensable. *Rodríguez Vázquez v. Hosp. Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ___ (2025); *Blassino, Reyes v. Reyes Blassino*, 214 DPR 823, 833 (2024); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022).

En síntesis, el demandado que formula una moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil, *supra*, hace el siguiente planteamiento:

> "**Yo acepto para los propósitos de mi moción de desestimación que todo lo que se dicte en esta demanda es cierto, pero aun así**, **no aduce una reclamación que justifique la concesión de un remedio**, o no se ha unido una parte indispensable, o el tribunal no tiene jurisdicción,

etc." Es decir, a los efectos de considerar esta moción no se ponen en duda los hechos aseverados porque se ataca por un vicio intrínseco de la demanda o del proceso seguido.

R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., Lexis Nexis, 2017, pág. 309. (Citas omitidas) (Énfasis suplido).

Como regla general, el tribunal, al momento de adjudicar una moción de desestimación bajo la precitada disposición legal, lo hace a base de lo expuesto en la alegación contra la cual se dirige. *Íd.*

En relación con el quinto inciso de esta Regla, sobre el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, el Tribunal Supremo de Puerto Rico ha expuesto lo siguiente:

> Cuando se considera una moción de desestimación al amparo de esta regla, los tribunales tienen que tomar como ciertos **todos los hechos bien alegados en la demanda** y considerarlos de la forma más favorable para la parte demandante. Bajo este criterio, se desestimará una demanda solo si surge que "carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar". Es decir, procede la desestimación si aun interpretando la reclamación de manera liberal no hay remedio alguno disponible en el estado de Derecho. En otras palabras, los tribunales evaluarán "'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".

(Énfasis suplido). *Blassino, Reyes v. Reyes Blassino*, supra, pág. 834 (citas omitidas).

Sobre las alegaciones de la demanda, el Tribunal Supremo dispuso en *León Torres v. Rivera Lebrón*, 204 DPR 20, 41 (2020), lo siguiente:

> La R[egla] 6.1 ... impone al demandante una obligación relativamente leniente. Un demandante cumple con la exigencia de la regla al notificar al demandado de su reclamación y del remedio de tal modo que permita al demandado formular su contestación. [...] No obstante, si bien el deber que se le exige al demandante es bastante liberal y se le requiere brevedad en su exposición, **la alegación debe aún contener la suficiencia fáctica que se necesita para que el demandado reciba una adecuada notificación sobre lo que se le reclama y la base que la sustenta**. (Énfasis suplido). (Citas Omitidas).

Por consiguiente, procede la desestimación de la demanda si se demuestra, de forma certera, que el demandante no tiene derecho

a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo a su reclamación. *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654 (2013).

Por último, la Regla 10.2 de las de Procedimiento Civil puntualiza que:

> Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.

32 LPRA Ap. V, R. 10.2.

Es decir, el promovente de una moción bajo el quinto inciso de la Regla 10.2 de las de Procedimiento Civil, *supra*, que impugne o derrote la veracidad de los hechos deberá cumplir con todos los requisitos de la solicitud de sentencia sumaria para que esta sea considerada por el tribunal. *Id.*, R. 10.2 y R. 36.3; véase *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

Expuesto el derecho aplicable, este Tribunal se encuentra en posición para resolver la controversia señalada en el recurso de epígrafe.

**-III-**

A juicio del apelante, el tribunal sentenciador erró al desestimar la *Querella* que presentó, pues confundió la normativa que aplica a las alegaciones que se presentan en una reclamación extrajudicial versus las alegaciones de una querella o demanda. En cuanto a la reclamación extrajudicial que le envió a su patrono, entiende que esta cumplía con los requisitos que exige nuestro ordenamiento, al expresar "inequívocamente y de forma tajante" su reclamo. Afirma que también lo hizo de manera oportuna, que existía identidad entre el derecho reclamado y el afectado por la prescripción y que se hizo mediante el medio adecuado antes que

prescribiera la acción. Por ello, concluye que se interrumpió el término prescriptivo en cuanto a todas las causas presentadas.

Opina, también, que el tribunal primario se equivocó, al exigir que la carta extrajudicial, presentada el 25 de mayo de 2024, tenía que particularizar los hechos que generaron cada una de las causas de acción presentadas, para finalmente concluir que por causa de esta omisión el apelante no interrumpió el término prescriptivo. A su entender, el único criterio exigible al presentar una reclamación extrajudicial es la notificación a grandes rasgos de la naturaleza de la reclamación, no los requisitos procesales aplicables a una querella o demanda presentada ante un tribunal.

Igualmente, sostiene que las alegaciones que presentó en su *Querella* son suficientes, y, contrario a lo resuelto por el foro *a quo*, estas notifican al patrono las alegaciones en su contra por las distintas causales invocadas en la *Querella*.

Alega, además, que los reclamos presentados en la *Querella* y en la carta extrajudicial también constan en su carta de renuncia de 8 de junio de 2023, en la que se refirió a las políticas de la empresa, los procedimientos, el trabajo que se llevaba a cabo y el ambiente que se convirtió en uno discriminatorio, de represalias y hostil. Arguye que "[l]as fechas de cada evento discriminatorio y de represalia debe ser objeto del descubrimiento de prueba, de que el TPI ha privado al Querellante mediante su dictamen".

Por su parte, LT Autos asegura que el tribunal apelado actuó conforme a derecho. Alega que la reclamación del señor Torres Méndez adolece de defectos y no satisfacen el estándar mínimo debido a la insuficiencia de las alegaciones. En su opinión, el apelante solamente se limita "a reiterar argumentos que no atienden el fundamento real de la desestimación parcial", por lo que procede se confirme la determinación del foro de instancia.

Después de un minucioso examen de la totalidad del expediente resolvemos que el foro apelado no erró al desestimar la *Querella*. Veamos.

Como cuestión de umbral aclaramos que el foro de instancia no desestimó la acción contra LK Autos por estar prescrita. Específicamente, el tribunal primario resolvió que no existía una relación obrero-patronal entre LK Autos y el señor Torres Méndez al momento de los alegados actos discriminatorios, como tampoco surgen reclamos específicos sobre el particular contra esta parte.

Aclarado este punto, resolvamos los planteamientos que hace el señor Torres Méndez sobre la suficiencia de las alegaciones de sus reclamos.

Después de revisar las alegaciones de la *Querella*, concluimos que estas carecen de mérito, aun interpretándolas de la forma más liberal a favor del apelante. Nos explicamos.

Al examinar las imputaciones contra LT Autos, concluimos que estas constituyen meras alegaciones que carecen de información suficiente que detalle los alegados hechos discriminatorios y las supuestas represalias cometidas contra el señor Torres Méndez. *León Torres v. Rivera Lebrón,* supra. Se trata más bien de alegaciones concluyentes, carentes de hechos específicos de los cuáles se pueda desprender el alegado acto discriminatorio o la supuesta represalia cometida.

En su escrito, el apelante solo se limita a hacer un recuento de sucesos que **no** se relacionan con las causas de acción que presenta. Como, por ejemplo, la alegación del viaje a España que no le concedieron. En esta, el apelante expone que el patrono le aprobó un viaje a España por las ventas que obtuvo, pero después le indican que no iba a dicho viaje. Como vemos, de esta alegación no se desprende el alegado acto discriminatorio, pues las razones para cancelar su asistencia pueden ser innumerables y variadas. Por

consiguiente, no se puede concluir que la denegatoria constituyó un acto discriminatorio. Igualmente, sucede con el supuesto rechazo de financiamiento a sus clientes, entre otras actuaciones enumeradas en su reclamación que no detallan los hechos particulares y concretos que describan el contexto presuntamente discriminatorio en que surgieron. *Id.*

Tampoco detalla las supuestas represalias cometidas por LT Autos. Solamente se limita a decir que hubo una comunicación en la que el apelante se expresó sobre el ambiente laboral, sin describir en que consistió su manifestación y si el patrono lo amonestó por dicha expresión. Por consiguiente, resolvemos que el tribunal sentenciador no incidió al desestimar la *Querella* por insuficiencia de las alegaciones, ya que no exponen una reclamación que justifique la concesión de un remedio.

Por último, el señor Torres Méndez sostiene que el tribunal primario erró al no tomar la solicitud de desestimación que presentó la parte apelada como una petición de sentencia sumaria. A pesar de ello, alega que, si así lo hubiese hecho, comoquiera la petición de desestimación no cumplía con los requisitos de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. No obstante, afirma que este caso no debe resolverse de manera sumaria, pues "[n]o existe en este caso la claridad fáctica necesaria para disponer de éste sin brindarle al Querellante su 'día en corte' para que explique y pase prueba sobre sus alegaciones".

Si bien es cierto que existía esta posibilidad, el foro de instancia no llegó a analizar, ni fundamentar su decisión en los documentos que anejó la parte apelada junto a su solicitud de desestimación. Como mencionamos, el tribunal apelado resolvió correctamente que la reclamación no presentaba una controversia plausible que ameritara la concesión de un remedio. Regla 10.2, *supra.*

**-IV-**

Por los fundamentos que anteceden, confirmamos la *Sentencia Parcial* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda. Lilia M. Oquendo Solís
                       Secretaria del Tribunal de Apelaciones